UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GEORGE MALONEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) Nos. | 3:18-cv-104 |
| | ) | 3:16-cr-23 |
| UNITED STATES OF AMERICA, | ) | Judge Phillips |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner George Maloney ("Petitioner") filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 1].[1] The United States of America ("Respondent") has responded in opposition to his motion [Doc. 4]. Petitioner has not replied and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

**I.   Background**

Petitioner was indicted for knowingly accessing with intent to view child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B) [Case no. 3:16-cr-23, Doc. 1]. Petitioner was also indicted in case number 3:15-cr-52 for being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Petitioner signed a plea agreement, pursuant to Fed. R. Crim. P.

---

[1] All citations to documents in the record reference case number 3:18-cv-104, unless otherwise specified.

11(c)(1)(C), and entered pleas of guilty to both charges [*see* Case no. 3:16-cr-23, Doc. 15]. On March 8, 2017, the Petitioner was sentenced to a total term of imprisonment of 42 months, to be followed by 10 years of supervised release [Case no. 3:16-cr-23, Doc. 27]. Petitioner did not appeal his conviction or his sentence, but timely filed the instant § 2255 motion on March 12, 2018.

## II.  Standard of Review

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law ... so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2004)).  A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual

allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

**III. Analysis**

As the Respondent notes, Petitioner raises several claims of ineffective assistance of his trial counsel, Jonathan A. Moffatt, which the Court will address in the order in which they are raised.

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff*, 734 F.3d at 606. The *Strickland* test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that [his] attorney's performance was

3

deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance because:

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that,

4

but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet this burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

A. <u>Failure to Argue that the Statute of Conviction Violates the First Amendment</u>

As part of his first ground for relief, Petitioner argues that the offense of conviction violates the First Amendment of the U.S. Constitution "because it contains an attempt to access child pornography that has been transported in interstate commerce" [Doc. 1 at p. 4]. First, as set forth in the response [Doc. 4 at pp. 4—5], child pornography is not protected by the First Amendment and the right to possess obscene material does not extend to child pornography. *New York v. Ferber*, 458 U.S. 747, 763—64 (1982); *Doe v. Boland*, 698 F.3d 877, 883 (6th Cir. 2012), *cert. denied*, 570 U.S. 904 (2013) ("the First Amendment offers no sanctuary" to child pornography). Thus, even if Petitioner had only been attempting to access child pornography, his conduct is not protected by the First Amendment.

More importantly, Petitioner pled guilty to and was convicted of *knowingly accessing* with intent to view child pornography, not attempting to do so. Indeed, his plea

5

agreement specifies that "defendant *knew* that the material he accessed via the Internet contained child pornography" [Case no. 3:16-cr-23, Doc. 15 at ¶ 3, p. 3 (emphasis added)]. The facts supporting his conviction for this charge were read aloud to him during the change of plea hearing. The Court questioned Petitioner if he understood the charges he was pleading guilty to and he responded affirmatively. He further affirmed that he was pleading guilty because he was, in fact, guilty. Thus, Petitioner's claim that he is being penalized for "innocent conduct" is contrary to his sworn statements in court and to the law. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Petitioner's reliance on the Supreme Court's decision in *Class v. United States*, 138 S. Ct. 798 (2018) does not alter this result. In *Class*, the Court held that a criminal defendant could raise a constitutional challenge to the statute of conviction on direct appeal even though the defendant pled guilty. *Id.* at 805. *Class* did not address whether a defendant could challenge the constitutionality of a statute via habeas review, nor did it address the constitutionality of the statute of conviction at issue in the instant case. Further, Petitioner admitted to "actual conduct," not "innocent conduct." Mr. Moffatt was not ineffective for failing to raise a patently meritless argument. *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003); *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999).

B. <u>Failing to Argue that the Indictment was Defective for Charging Two Crimes</u>

Also contained in his first ground for relief, Petitioner contends that the indictment was defective because it charged him with both knowingly accessing child pornography and attempting to access child pornography [Doc. 1 at p. 4]. A duplicitous indictment "sets

forth separate and distinct crimes in one count." *United States v. Cooks*, 455 F. App'x 584, 586 (6th Cir. 2012) (quoting *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002), *cert. denied*, 537 U.S. 1208 (2003); *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002). "The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense." *Campbell*, 279 F.3d at 398. However, "[i]t is not duplicitous to allege in one count that multiple means have been used to commit a single offense." *United States v. Damrah*, 412 F.3d 618, 622 (6th Cir. 2005).

As Respondent notes, an indictment that charges two ways of committing the same offense – attempt and the substantive offense – is not duplicitous or defective [Doc. 4 at pp. 5—6]. Further, as set forth above, Petitioner pled guilty to the substantive offense – knowingly accessing with intent to view child pornography. Thus, there was no basis for Mr. Moffatt to challenge the charge in the indictment and he was not ineffective for failing to do so.

      C.     <u>Failing to Move to Suppress Evidence Seized from His Computer</u>

In both his first and second grounds for relief, petitioner argues that his counsel was ineffective for failing to move to suppress evidence obtained from his computer [Doc. 1 at pp. 5—7]. Petitioner argues that the search warrant was not premised on "actual" conduct, but rather on what he "could have the belief to have done, will do, or possibly intending to do" [*Id.* at p. 5]. Also, Petitioner told Mr. Moffatt that he "had multiple users in his home and at no time did he knowingly accessed [sic] child pornography" [*Id.*]. He contends that police told him there was no evidence on his computer "that the contact to

7

the United States from Switzerland…of attempting to access this website was true" [*Id.* at p. 6]. Petitioner claims he was later told "that there were files of child porn or some photos that dated back "some years," yet there was not showing of how any of the evidence was the result of a reasonable or good faith search" [*Id.* at pp. 6—7]. Further, Petitioner complains that he is required to register as a sex offender "for something I still have no knowledge of" [*Id.* at p. 7].

Respondent has submitted the search warrant application, approved by United States Magistrate Judge H. Bruce Guyton on March 2, 2015, and the affidavit in support of that application by FBI Special Agent Bianca L. Pearson [Doc. 4-1]. The application sought to search Petitioner's residence for evidence of a violation of 18 U.S.C. § 2252A, which prohibits certain activities relating to material containing child pornography. Agent Pearson's affidavit states that the FBI obtained information from the Swiss Federal Police that a computer with an Internet Protocol ("IP) address assigned to Petitioner at his residence had accessed websites to obtain child pornography [Doc. 4-1 at pp. 4—5]. Agent Pearson viewed images and videos accessed by the computer with Petitioner's IP address and described four images of child pornography [*Id.* at p. 6].

Failure of counsel to file a meritorious motion to suppress may be ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 382—83 (1986), but is not ineffective assistance per se. *Id.* at 384. In order to meet his burden of proving ineffective assistance of counsel for not filing a motion to suppress, Petitioner must show that counsel's failure fell below the objective standard of reasonableness, and he "must also prove that his Fourth Amendment claim is meritorious." *Id.* at 375. "Conversely, if such

a motion would fail, counsel may not be criticized for having accurately assessed his client's chances of successfully challenging the warrant." *Worthington v. United States*, 726 F.2d 1089, 1093 (6th Cir. 1984), *cert. denied*, 469 U.S. 827 (1984) (J. Contie, concurring). In other words, "whether trial counsel … acted incompetently … depends upon the merits of the search and seizure question." *Id.*

Petitioner's argument seems to be that at least one of the statements in Agent Pearson's affidavit – that his computer had contacted the Swiss-based web server – is false and the evidence seized from his computer should have been suppressed "due to a voided warrant" Doc. 1 at p. 6]. A defendant may challenge the validity of a search warrant and the veracity of an affidavit supporting the warrant by requesting a *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154, 155—56 (1978). If the defendant establishes by a preponderance of the evidence that the affidavit contained a false statement that was necessary to a finding of probable cause, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id*. at 156. However, a defendant is only entitled to a *Franks* hearing "if and only if (1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false *and* (2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set to one side." *United States v. Atkin*, 107 F.3d 1213, 1216—17 (6th Cir. 1997) (quoting *United States v. Campbell*, 878 F.2d 170, 171 (6th Cir.), *cert. denied*, 493 U.S. 894 (1989)).

The only evidence presented in support of Petitioner's argument that Agent Pearson's affidavit contains false information comes from unidentified and unsupported "police" hearsay statements. Thus, Petitioner has not made any showing, much less a substantial showing, that Agent Pearson's affidavit is deliberately or recklessly false. Nor has Petitioner shown that a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set aside. Thus, there was no basis for counsel to have requested a *Franks* hearing and counsel was not ineffective in failing to request such a hearing.

Finally, as Petitioner agreed in his plea agreement, the computer seized and searched pursuant to this warrant revealed that Petitioner had knowingly accessed child pornography and that he knew the material contained child pornography [Case no. 3:16-cv-23, Doc. 15 at p. 3]. By virtue of his plea agreement, Petitioner has explicitly admitted the conduct of which he was convicted. Thus, his argument that he is being punished for something of which he has "no knowledge" rings false and is contrary to his sworn statements in court. *Blackledge*, 431 U.S. at 74. In short, Petitioner has presented no evidence, beyond his conclusory statements, that the evidence obtained on his computer should have been suppressed or that the outcome of his case would have been different. Mr. Moffatt was not ineffective for failing to raise a meritless argument.

**IV.** **Conclusion**

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and his § 2255 motion [Doc. 1] will be **DENIED** and this civil action will be **DISMISSED**.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b)(1) of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE